k1f2WalS kjc

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,                New York, N.Y.

4              v.                             18 Cr. 339(PAC)

5    JILLIAN WALCOTT,

6              Defendant.

7    ------------------------------x         Sentence

8                                             January 15, 2020
                                              3:45 p.m.
9

10   Before:

11                   HON. PAUL A. CROTTY,

12                                             District Judge

13

14
                           APPEARANCES
15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   BY:  NICHOLAS W. CHIUCHIOLO

18        Assistant United States Attorney

19
     GILBERT C. PARRIS
20        Attorney for Defendant

21

22   ALSO PRESENT:

23   SPECIAL AGENT RANDALL AVERY, FBI

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

k1f2WalS kjc

1          (Case called)

2          THE DEPUTY CLERK:  Counsel for the government, please

3     state your appearance.

4          MR. CHIUCHIOLO:  Good afternoon, your Honor.  Nicholas

5     Chiuchiolo for the United States.  I'm joined at counsel table

6     with Special Agent Randall Avery with the F.B.I.

7          THE COURT:  Mr. Avery, how are you today?

8          AGENT AVERY:  Fine.  Thank you.

9          MR. PARRIS:   Good afternoon, your Honor.  For

10    Mrs. Walcott, Gilbert Parris.

11         THE COURT:  Good afternoon, Mr. Parris and

12    Ms. Walcott.

13         The first order of business today, I noted as I was

14    going through the file that I have an unsigned order here in

15    which I accept the guilty plea by Ms. Walcott.  The plea was

16    taken by Magistrate Judge Pitman on August 15.  If nobody has

17    any objections, I will sign the order and make it part of the

18    court record.

19         Any objection?

20         MR. CHIUCHIOLO:  No objection.

21         MR. PARRIS:  No objection, your Honor.

22         THE COURT:  Okay.  I have signed the order.  That

23    takes care of that.

24         I also have an order of forfeiture which Ms. Walcott

25    was allocuted to by Magistrate Judge Pitman back in August, and

k1f2WalS kjc

1    that was signed by me on September 5 as well as an order of

2    restitution -- it's the forfeiture order is in the amount of

3    $100,000.  I also have an order of restitution which I signed

4    on October 19, 2019.  Ms. Walcott's portion of the amount of

5    restitution is $550,000, and they will both be made a part of

6    the court record today.

7              I have the presentence report, which is dated October

8    8, 2018.  It was revised on November 6, 2019.

9              Mr. Parris, do you have any correction you want to

10   make to the presentence report?

11             MR. PARRIS:  No, your Honor.

12             THE COURT:  I'm going to accept the facts as accurate.

13             This calculates the offense level as 20, it concludes

14   the criminal history category as I, resulting in a guideline

15   provision of 33 to 41 months.

16             Is that accurate as well.

17             MR. PARRIS:  Yes, your Honor.

18             THE COURT:  I'm going to accept it as accurate.

19             I have read your submission, Mr. Parris, but I know

20   you want to elaborate on it.

21             MR. PARRIS:  Yes, your Honor.

22             THE COURT:  Yes.

23             MR. PARRIS:  First I want to thank the court late, and

24   apologize for my delayed submission.

25             THE COURT:  It's all right.

k1f2WalS kjc

1              MR. PARRIS:  I would like to point out to the court,

2       number one, my client, Ms. Walcott, has been accused of a

3       nonviolent offense.  As is articulated in the report, she -- in

4       terms of the role that she played here, in the scheme of

5       things, in speaking to her, the total amount of financial gain

6       that she actually received was less than actually $5,000, not

7       that it makes the crime any less on her behalf, but I want to

8       point that out to the court, as well as her level of

9       culpability regarding the other defendants in this matter.  She

10      was on the lower level of culpability in this matter.

11             Your Honor, my client raises her son by herself.  So

12      she is a single mother.  As soon as she was let go from her

13      job, which was part of this case, she did seek another job and

14      has been having gainful employment.

15             I'm going to ask that your Honor consider and adopt

16      the probation recommendation here of a nonincarceratory

17      sentence, given that my client, number one, had not led a life

18      of crime prior to this case and has had no rearrests.  She is

19      definitely not likely to be a recidivist.  She is a prime

20      candidate for nonrecidivism.  The fact that these choices were

21      made at this time has been devastating her.  She recognizes the

22      impact that it has, not only on her social standing and future

23      job prospects, but to her son, which has been meaning

24      everything to her.

25             Again, I point out that there was no violence

k1f2WalS kjc

1    indicated in these charges.  She has not participated in any

2    violence here.  Additionally, she cooperated with all

3    guidelines in terms of the post release -- I'm sorry, in terms

4    of the cooperating with supervised release, and she has never

5    been rearrested.

6              Additionally, the fact that she has -- I'm sorry.  The

7    fact that my client has been -- she made a choice that she does

8    regret, and it's very clear.  She owned up to that choice.  She

9    has apologized and will be apologizing when speaking on her own

10   behalf to the court.  I submit that she is a prime candidate to

11   not be incarcerated because incarceration would further

12   devastate her and it would actually delay any type of

13   restitution to the victims in this matter.  I would like your

14   Honor to consider all of those things as well as my

15   presentencing report in your Honor's sentence.

16             THE COURT:  Thank you, Mr. Parris.

17             Mr. Chiuchiolo.

18             MR. CHIUCHIOLO:  Yes, your Honor.  I will be brief and

19   rely primarily on the government's December 12 sentencing

20   submission.

21             The crime that Ms. Walcott or the crimes that

22   Ms. Walcott has pled guilty to are very serious crimes.  I know

23   your Honor is very familiar with this fraud scheme, so I will

24   just briefly provide overview of what Ms. Walcott's role was in

25   the scheme, and her role was to obtain or steal personal

k1f2WalS kjc

1    identifying information and provide it to members --

2                THE COURT:  Which she did by utilizing the records of

3    the walk-in health clinic.

4                MR. CHIUCHIOLO:  Exactly, your Honor.  The defendant

5    worked at CityMD, which is a popular walk-in clinic here in the

6    city, in the tristate area and, at least over several months,

7    she repeatedly stole personal identifying information from

8    patients who visited that clinic, provided that information to

9    Mr. Simon, who then, from there, used that information, passed

10   it along to other conspirators to create fake or counterfeit

11   credit cards that were ultimately used to purchase or steal

12   merchandise.

13               So that aspect of the crime is unique to Ms. Walcott,

14   and it is very serious.  People go into doctors' offices, that

15   is supposed to be a zone of utmost confidentiality and trust,

16   and Ms. Walcott deliberately and repeatedly violated that trust

17   by repeatedly stealing patient information and then, of course,

18   with the goal of stealing from those patients.

19               So the government believes that a term of

20   incarceration is warranted here.  We would put Ms. Walcott sort

21   of in the middle of the charged defendants in this case.  I

22   think her conduct is more serious than some of the shoppers,

23   like Ms. Montoya, who were just in the stores purchasing at the

24   direction of Mr. Simon, and not as serious as some of the other

25   individuals who played more important roles, like Mr. Davidson

k1f2WalS kjc

1   or certainly Mr. Simon.  But nonetheless, her role in the

2   conspiracy was a critical part of the conspiracy in helping it

3   operate, and for that we would suggest some term of

4   imprisonment.

5              THE COURT:  Do you want to elaborate -- if you would,

6   I would appreciate it -- on the final paragraph on page 6 of

7   your letter, where you mention certain mitigating factors?

8              MR. CHIUCHIOLO:  So, your Honor, the -- yes.  The

9   government recognizes here Ms. Walcott accepted responsibility

10  quickly.  She should get credit for that.  And you know the

11  fact that she is a mother, this -- her lack of criminal

12  history, pretty much everything that was well articulated in

13  the defense submission, the government recognizes that and we

14  are not asking, you know, for the most serious sentence as we

15  are for some of her codefendants.  But nonetheless, it is a

16  serious crime, you know.  We are sympathetic for her mitigating

17  factors, but she committed this crime knowingly and knowing the

18  impact it could have on her loved ones.

19             THE COURT:  All right.  Ms. Walcott, this is your

20  opportunity to speak if you wish to do so.

21             THE DEFENDANT:  Good afternoon.  So on behalf of

22  myself I just need to show -- sorry.

23             THE COURT:  Take your time.  Do you want some water?

24             THE DEFENDANT:  So at this time I just want to say --

25  express my remorse in the role that I did play in this.  At

k1f2WalS kjc

1    that time I was going through just a little bit of stuff.  And

2    I want to apologize to the courts, the government, the

3    families.  I don't know if they are here today.  And since

4    then, I have just wanted to let you guys know that I turned my

5    life around.  Like, I am starting trying to, like, just

6    progress and show my son different ways to do different things,

7    and he is just like -- he is doing so well in school.  He is,

8    like, in the gifted class.  He is doing spelling bees.

9         And, like, I started baking more.  I'm about to try to

10   start to open up a whole cake-baking business.  I showed --

11   when my pretrial officer came to my house, I showed him

12   pictures of everything that I'm starting to do, and he is so

13   proud of me.  And my son is literally, like, so proud of me.

14   Every time he see me in the kitchen he is like, Mom, what you

15   going to bake today?  Do you want to cook today?  What you been

16   cooking?

17        I just want to apologize for my role in anything that

18   has taken place and the hurt and the strain that it has put on

19   these families.  Because, honestly, if I knew at the time that

20   this was going to be this, I would not have gone forward.  I

21   would not have.  Like, I'm going three years on my new

22   position.  I'm about to apply for a higher position at the job,

23   and everything is just going so well for me right now.  And I

24   just want to say that I'm sorry.

25        THE COURT:  Anything else, Ms. Walcott?

k1f2WalS kjc

1          THE DEFENDANT:  No, your Honor.  Thank you.

2          THE COURT:  I have read the plea agreement and the

3     colloquy before Magistrate Judge Pitman.  I have read the

4     presentence report and Mr. Parris's submission, along with

5     Mr. Chiuchiolo's submission.

6          I am prepared to impose sentence.  In imposing the

7     sentence, under the factors as set forth under 18 U.S.C. 3553,

8     I have to consider the nature and the circumstances of the

9     offense, as well as the history and characteristics of the

10    defendant.  That's an individualized consideration that I have

11    to make.  This is a serious crime.  It went on for a long time,

12    and it was very successful in bilking hard-working New Yorkers

13    out of a lot of money through a nefarious scheme which was run

14    by Mr. Simon.

15         I agree with Mr. Chiuchiolo that this is a serious

16    matter because you walk into an M.D. office hoping for an

17    atmosphere of trust and confidence and confidentiality.  That

18    was a real breach of that to have the financial records that

19    you need to file in order to get health treatment and then to

20    have that trust breached by the theft of confidential

21    information and used for exploitation.

22         On the other hand, I have taken into consideration the

23    fact that Ms. Walcott did not make an awful lot of money on

24    that, notwithstanding the fact that she has a major bill in

25    restitution, and I also considered the fact that she is a

k1f2WalS kjc

single mother with a child at home, and putting her away in an
incarceratory scene would have a devastating effect on family.

I have taken all those factors together, and I'm going
to impose -- I'm going to follow the recommendation of the
Department of Probation, which respectfully recommends the
court depart from the guidelines and, pursuant to 3553(a),
impose a term of time served on each count.  I am going to do
that.

This is a nonviolent crime.  This is Ms. Walcott's
first offense.  She is working now and is a productive member
of society.  She is going to have to live with a felony
conviction on her record, but imposing a further punishment
other than the restitution and forfeiture would make the
sentence greater than it had to be, so I am going to impose a
sentence of time served on each count -- Counts Two and Four.
The time served is to run concurrent.

A term of supervised release of three years on each
count, Count Two and Count Four.

I have already mentioned the restitution of $550,000
and the forfeiture of $100,000.

I must impose a special assessment on each count of
Count Two and Count Four of $100 each.

This is subject to the mandatory conditions of
supervised release and the special conditions of supervised
release as set forth on pages 28 and 29 of the presentence

k1f2WalS kjc

1    report.

2           There are some special conditions which I will now

3    read:

4           Ms. Walcott has to provide the probation officer with

5    access to any requested financial information, and she is not

6    to incur new credit charges or open additional lines of credit

7    without the approval of the probation officer unless she is in

8    compliance with an installment payment schedule.

9           Her property is subject to search as set forth on

10   special condition number three on page 30 of the PSR.

11          And, finally, if the probation officer determines,

12   based on the criminal record here, personal history, or

13   characteristics, that Ms. Walcott poses a risk to another

14   person, the probation officer, without the prior approval of

15   the court, may require her to notify the person about the risk,

16   and she must comply with that instruction.  The probation

17   officer may contact the person and confirm that they have been

18   notified about the risk.

19          You live in Brooklyn, don't you, Ms. Walcott?

20          THE DEFENDANT:  I do.  I agree.

21          THE COURT:  So you are going to be supervised in the

22   district of your residence, so you will be supervised out of

23   the Eastern District of New York at the Brooklyn Federal

24   Courthouse.

25          That is the sentence I intend to impose.  Any

k1f2WalS kjc

1    objections, Mr. Parris?

2              MR. PARRIS:  No, your Honor.

3              MR. CHIUCHIOLO:  No objection from the government.

4              THE COURT:  The sentence is imposed.

5              Now that I have imposed sentence on you Ms. Walcott, I

6    have to advise you that you have the right to appeal the

7    sentence.  If you can't afford to pay the cost of appeal, you

8    can apply to appeal *in forma pauperis*.  If you so request, my

9    clerk will immediately prepare and file a notice of appeal on

10   your behalf.  The notice of appeal has to be filed within 14

11   days of the entry of judgment.  Judgment will be entered by the

12   close of business tomorrow.

13             I am just trying to find your plea agreement.  I

14   believe in your plea agreement you agreed that you wouldn't

15   file a direct appeal of the sentence if the sentence was at or

16   below the guideline range of 33 to 41 months.  Mr. Parris can

17   advise you further on whether you are within your rights to

18   take an appeal.

19             Do you want to dismiss the open counts,

20   Mr. Chiuchiolo?

21             MR. CHIUCHIOLO:  Yes.  The government moves to dismiss

22   all open counts, your Honor.

23             THE COURT:  The open counts are dismissed.

24             Anything else to do today?

25             MR. CHIUCHIOLO:  Nothing from the government.  Thank

k1f2WalS kjc

1    you, your Honor.

2            THE COURT:  Mr. Parris?

3            MR. PARRIS:  Nothing, your Honor.  Thank you very

4    much.

5            THE COURT:  Good luck, Ms. Walcott.

6            THE DEFENDANT:  Thank you, your Honor.

7                            oOo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25